UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 2:15-CR-198-GZS |
| | ) |
| Sal Mansey | ) |
| TV Toyz LLC | |

**DEFENSE MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH OF YAHOO.COM EMAIL ACCOUNT**

The defense moves to suppress any evidence directly from or derived from a search of the email account salmansy@yahoo.com. Federal agents conducted the search after this court approved the warrant but the warrant application failed to establish probable cause that any crime had been committed and the warrant request was overbroad and lacked specificity.

**The warrant application failed to establish probable cause**

The warrant application claimed, "Probable cause exists to believe that violations of 18 USC §1960 have been committed by an individual using the email account slmansy@yahoo.com." (2:15-mj-00091-JHR, ECF# 1 page 2) the affidavit further lays out that the information sought is "Pertaining to the operation, ownership, and control of an unlicensed money service business as defined by 18 USC §1960."

The affidavit alleges information sufficient to establish that the defendants bought and sold bitcoin. But the affidavit does not include any facts sufficient to establish that the defendants were unlicensed to conduct a money service business. Nowhere in the affidavit is there any evidence that federal or state licensure records were checked or that registries were consulted to confirm whether or not any defendants or associated entities acquired any state or federal licenses. Without any actual evidence that the defendants were unlicensed the affidavit fails to establish probable cause that they operated an unlicensed money service business.

**The warrant was overbroad and lacked particularity.**

If the affidavit established any probable cause of criminal activity it was regarding a limited kind of communication. The affidavit generally establishes that the Yahoo address was used to send and receive emails from a another address: sales@tvtoys.com to and from some customers who purchased bitcoin. The affidavit also establishes that the @yahoo.com address was use to communicate directly with "Coinbase" a bitcoin wholesaler or exchange.

Despite these discrete uses of the Yahoo account the search warrant required Yahoo to produce the entire contents of the account, for its entire existence. As laid out in attachment B section I, this included, among other things, all emails sent and received and their contents but also all address books alternate emails and phone numbers associated with the account calendar data, pictures, files, records of communications regarding the account.

In attachment B section II the government describes its plans to seize "information pertaining to the operation ownership and control of an unlicensed Money service business" and "information relating to the identities and locations of any persons who created or use the account or who communicated with the account, if the communications pertained to the operation of an unlicensed Money service business".

There is no indication as to how the government will make its determination of what pertains to the operation of an unlicensed Money service business. There are no search terms or chronological identifiers specified and the specific items to be seized are identified. Instead it seems to be more of an "I'll know it when I see it" kind of test. This is akin to taking the entire contents of one's home and then sifting through the items later to decide which are going to be used against the homeowner at trial. This is not allowed. Further, warrants that fail layout any basis for differentiating between the objects of the search and innocent materials fail to meet particularity requirement. See eg *States v. Fuccillo*, 808 F.2d 173 (1st Cir. 1987).

Though the warrant claims to make a distinction between the items to be provided by Yahoo and those to be seized by the government, it is a distinction without a difference; In reality the items described in attachment B sections I and II are both "seized" by the government since they're turned over to the government. See *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989).

This is the type of "general warrant" which the fourth amendment was designed to protect against. As the Supreme Court has said:

> "The premise here is that any intrusion in the way of search or seizure is an evil, so that no intrusion at all is justified without a careful prior determination of necessity…those searches deemed necessary should be as limited as possible. Here, the specific evil is the "general warrant" abhorred by the colonists, and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings….The warrant accomplishes this second objective by requiring a "particular description" of the things to be seized." *Coolidge v. N.H.*, 403 U.S. 443, 467 (1971).

A search of an entire email account that may have been active for years will cover many thousands of documents, images, other materials and perhaps the most personal details of an individual's life. Under these circumstances, the particularity requirement is heightened and we must demand that the government be even more specific and focused in it search.

Oddly specificity is probably easier in the electronic context since the service provider could easily filter digital information. A more limited quantity of information might easily be provided to the government based on specific search terms or date limiters or addresses and domain names related to the investigation. None of that happened here.

Since the warrant failed to establish probable cause, since it was over broad in scope and lacked particularity regarding the items to be seized it fails to pass constitutional muster and the proceeds of the search must be suppressed from trial.

May 17, 2016

/s/ Luke Rioux

Luke Rioux (9915)
Local Counsel for Defendant
97A Exchange St #404
Portland ME 04101
207-358-4909
luke@rdcplawyers.com

**FARRIS FRANK HADDAD**
**ATTORNEY AT LAW**
<u>s/ Farris Haddad</u>
**26100 American Drive Ste 605**
**Southfield, MI 48034-6185**
**(888) 818-0812**
**E-Mail: Farris@callfarris.com**

**SHAWN PATRICK SMITH  ATTORNEY AT LAW**
<u>s/ Shawn Patrick Smith</u>
**Attorney for Defendant**
**261 East Maple Rd**
**Birmingham MI 48009**
**(248) 808-3166**
**E-Mail: <u>shawn@shawnthelaw.com</u>  P 51431**

CERTIFICATE OF SERVICE

I, Luke Rioux, Esq., hereby certify that I have caused this motion to be electronically filed with CM/ECF system which will send electronic notice of this filing to:

Assistant United States Attorney Michael Conley

<u>/s/ Luke Rioux</u>
Luke Rioux (9915)
Attorney for Defendant
97A Exchange St #404
Portland ME 04101
207-358-4909
luke@rdcplawyers.com

**FARRIS FRANK HADDAD**
**ATTORNEY AT LAW**
<u>s/ Farris Haddad</u>

**26100 American Drive Ste 605**
**Southfield, MI 48034-6185**
**(888) 818-0812**
**E-Mail: Farris@callfarris.com**

**SHAWN PATRICK SMITH  ATTORNEY AT LAW**
**s/ Shawn Patrick Smith**
**Attorney for Defendant**
**261 East Maple Rd**
**Birmingham MI 48009**
**(248) 808-3166**
**E-Mail: shawn@shawnthelaw.com  P 51431**