UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 2:15-CR-198-GZS |
| ) | |
| Sal Mansey ) | |
| TV Toyz LLC | |

**DEFENSE REPLY TO GOVERNMENTS RESPONSE IN OPPOSITION
TO MOTION TO SUPPRESS**

The defense withdraws the argument charging that the warrant failed to establish probable cause. The arguments regarding overbreadth and particularity remain for the court to consider.

Cloud based email services with gigabytes of free storage mean that today, every email you have ever sent is probably still sitting on a server somewhere. The government cites Rule 41 and rightly points out that a warrant under the rule "may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant." But it is this court's obligation to ensure that a procedure, which may be permitted by the general rule, complies with constitutional limitations in this specific case.

The First Circuit has not squarely addressed the questions at issue. Nationally, courts are beginning to struggle with how the fourth amendment should limit the government's power to almost instantly size huge amounts of digital data stored in the cloud.

The Government sights several cases on pages 8 and 9 of its response in order to support the two-step seizure and search process under Rule 41. But each of these cases concerned the physical seizure of computer equipment, not the whole account seizure of cloud based data.

When dealing with physical objects, the process makes sense since skilled technicians running special software must physically manipulate the material in order for it to be of any evidentiary value.

Regarding emails searches the Government cites *United States v. Taylor*, 764 F. Supp.2d 230, (D. Me. 2011). The Government argues that there this court approved a similar Rule 41 warrant for an entire email account. But there the Government actually employed a detailed screening process using a filter agent to ensure that emails not subject to seizure were not examined by investigators working the case. Without these safeguards, the warrant execution would not have passed muster. The Government also cites *United States v. Bach*, 310 F.3d 1063 (8th Cir. 2002) as an example of the court approving whole email account seizure. But there, the defense challenge to the warrant was based on unique state statutes governing the execution of warrants and on the way that Yahoo employees were called on to perform warrant execution rather than law enforcement agents. There court there did not take up issues of overbreadth and particularity.

Other courts have started to recognize that warrants like the one in issue here are unconstitutionally overbroad and lack sufficient particularity. A notable opinion comes from the D.C. District Court, *In the Matter Of The Search Of Information Associated With [Redacted]@Mac.Com That Is Stored At Premises Controlled By Apple, Inc.* 25 F.Supp.3d 1 (D. DC. 2014), rejecting the two step approach in an email warrant.

> The Court notes that while nothing in Section 2703 or Fed. R.Crim.P. 41 may specifically preclude the government from requesting the full content of electronic communications in a specific email account, the Fourth Amendment may do so and does here. What the

>government proposes is that this Court issue a general warrant that would allow a "general, exploratory rummaging in a person's belongings" — in this case an individual's e-mail account. This Court declines to do so." *Id* at 7 internal citations omitted.

The government contends that the defense would have Yahoo employees execute the warrant and that this would be problematic on many fronts. But the defense is not asking that the government outsource warrant execution to private actors. Instead we ask that the government seek information in a sufficiently limited way, with sufficiently particularized description, so that Yahoo can comply with the warrant without having to turn over the entire contents of an account. Here, the government was concerned with a relatively limited use of the Yahoo account; as a mail client to receive and sent emails under the address "sales@tvtoyz.com" over a limited period of time. The suspicion that justified the warrant, natural suggested a way to limit the scope of the search and to particularly describe the items to be seized. The government here chose not to do that, and so their warrant fails to comply with Fourth Amendment requirements.

July 15, 2016

/s/ Luke Rioux
Luke Rioux (9915)
Local Counsel for Defendant
97A Exchange St #404
Portland ME 04101
207-358-4909
luke@rdcplawyers.com

**FARRIS FRANK HADDAD**
**ATTORNEY AT LAW**
<u>s/ Farris Haddad</u>
**26100 American Drive Ste 605**
**Southfield, MI 48034-6185**
**(888) 818-0812**
**E-Mail: Farris@callfarris.com**

**SHAWN PATRICK SMITH ATTORNEY AT LAW**

<u>s/ Shawn Patrick Smith</u>

**Attorney for Defendant**

**261 East Maple Rd**

**Birmingham MI 48009**

**(248) 808-3166**

**E-Mail:<u>shawn@shawnthelaw.com</u>  P 51431**

CERTIFICATE OF SERVICE

I, Luke Rioux, Esq., hereby certify that I have caused this motion to be electronically filed with CM/ECF system which will send electronic notice of this filing to:

Assistant United States Attorney Michael Conley

<u>/s/ Luke Rioux</u>
Luke Rioux (9915)
Attorney for Defendant
97A Exchange St #404
Portland ME 04101
207-358-4909
luke@rdcplawyers.com

**FARRIS FRANK HADDAD**

**ATTORNEY AT LAW**

<u>s/ Farris Haddad</u>

**26100 American Drive Ste 605**

**Southfield, MI 48034-6185**

**(888) 818-0812**

**E-Mail: Farris@callfarris.com**

**SHAWN PATRICK SMITH ATTORNEY AT LAW**

<u>s/ Shawn Patrick Smith</u>

**Attorney for Defendant**

**261 East Maple Rd**

**Birmingham MI 48009**

**(248) 808-3166**

**E-Mail:<u>shawn@shawnthelaw.com</u>  P 51431**