UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:15-CR-198-GZS |
| ) | |
| Sal Mansy, ) | |
| TV Toys, LLC ) | |

**JOINT MOTION TO CONTINUE TRIAL**

The Defendants, though undersigned counsel, request that this Honorable Court continue the case off the January Trial List, and continue to the February 2017 Trial List, currently set for Jury Selection on January 8, 2017. The Government, through its counsel, Michael Conley, Esq., AUSA, has been consulted and has no objection to the requested continuance and the proposed dates for the special assignment of Jury Selection and Trial, and joins in the motion. In support of this motion, the Defendants state as follows:

1. This case is currently set for Trial on the January List. Undersigned counsel was retained in September, 2016, by the Defendants to represent Defendants' interests at the upcoming trial.

2. Undersigned counsel is in the process of obtaining all relevant discovery and assisting the Defendants in the transition involving the change in legal representation. The Defendants have not intentionally attempted to delay or postpone the trial in this matter. The Defendants' change in counsel was done only to ensure that the Defendants' interests would be adequately represented at a trial.

3. The process of obtaining discovery, reviewing such, and developing an effect trial

strategy have taken a significant amount of time. The discovery is voluminous, and the legal issues are complex. If this case is continued to the February 2017 Trial List, currently set for Jury Selection on January 8, 2017, undersigned counsel should have adequate time to prepare.

    4.  Because of certain scheduling issues, a small window of time is available during January, 2017, for trial of this matter. Because of certain scheduling conflicts a continuance to the next trial list in February, 2017 would accommodate for scheduling conflicts of the parties and Court. The parties and the Court have ample availability in February, 2017, and thereafter, to try this case. The Defendant is not in custody and he would not be prejudiced in the event this case is delayed another rmonth.

    5.  Significant recent developments in case law also require examination by the parties prior to advancing . In a recent decision issued by the Court in U.S. District Court, Western District of New York, on or about December 1, 2016, it was determined by that court that Bitcoin was not, in fact, money (See 15-CR-227A). Accordingly, that court dismissed the counts relating to alleged violations of 18 U.S.C §1960, the very charge alleged against the Defendants in this case. The parties require additional time to examine the legal ramifications, and any impact on this case. The Defendants, through previous counsel, filed a motion with this Court arguing similar defenses. A continuance is required to vet the legal implication of such a decision, and determine whether the Defendants should be afforded the same relief.

    6.  The parties are also actively trying to resolve this case. The recent court decision referenced above will serve as a platform for these discussions, and potentially bridge the gap. Again, the weight of such a decision is not yet known. Until such a time, the impact of such on settlement negotiations cannot be ascertained. If the decision is deemed to be of significance, the parties may be able to resolve this case through an agreement and without trial.

7. The interests of justice will be served by the requested exclusion of time. The Defendants' and public right to a speedy trial is outweighed by any continuance, because the Defense needs adequate time to review and evaluate the evidence, and prepare for trial. The Speedy Trial Act, 18 U.S.C.§3161(h)(7)(A)(B)(ii) allows the court to enlarge time periods and exclude from calculation the time period involved here as the ends of justice served by this continuance to address attorney case and time conflicts, and to allow counsel adequate time to consult with individual clients. Such interests outweigh the best interest of the public and the Defendants in a speedy trial.

8. The parties believe a continuance to the February Trial list will allow the Defendants sufficient time to prepare for trial, and allow parties time to continue potential plea negotiations, and litigate or resolve any outstanding legal issues.

9. The Defendants are aware of their rights under the Speedy Trial Act, 18 U.S.C. §3161 and Defendants waive those time limits and ask that the court exclude from the speedy trial calculations the entire time period of the extension sought.

10. As indicated above, the Government, through its counsel, Michael Conley, Esq., AUSA, has been consulted and has no objection to the requested continuance and the proposed dates for the special assignment of Jury Selection and Trial, and joins in the requested relief.

Dated at Portland, Maine this 5th day of December, 2016.

Respectfully submitted,

 /s/ Roger F. Brunelle Jr.
Roger F. Brunelle Jr., Esq.
One Monument Way, 2nd Floor
Portland, ME 04101
207-699-4357
Roger@rbrunellelaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016, I electronically filed Joint Motion to Continue Trial, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Michael Conley, Assistant U. S. Attorney
U.S. Department of Justice
U.S. Attorney's Office
100 Middle Street,
East Tower, 6th Floor
Portland, ME 04104-5018
(Attorney for United States of America)


Dated at Portland, Maine this 5th day of December, 2016.

                        Respectfully submitted,

                        /s/ Roger F. Brunelle Jr.
                        Roger F. Brunelle Jr., Esq.
                        One Monument Way, 2nd Floor
                        Portland, ME 04101
                        207-699-4357
                        Roger@rbrunellelaw.com