UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:15-cr-198-GZS |
| SAL MANSY, | ) |
| TV TOYZ, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss Count One of the Indictment (ECF No. 80). For the following reasons, the Motion is DENIED.

Count One, the sole count in the Indictment, alleges that Defendants Sal Mansy and TV Toyz, LLC, violated 18 U.S.C. § 1960 by unlawfully operating an unlicensed money transmitting business,[1] in this case, a business dealing in the virtual currency Bitcoin.[2] Defendants contend that

---

[1] Specifically, the Indictment alleges,

> Between about March 2014 and June 2015, in the Eastern District of Michigan, District of Maine and elsewhere [Defendants] knowingly conducted, controlled, managed, supervised, directed, and owned all and part of a money transmitting business affecting interstate commerce, which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Section 1010.100(ff)(5).

(Indictment (ECF No. 3), Page ID # 3.) Title 18 U.S.C. § 1960 provides, "Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both." 18 U.S.C. § 1960(a). Relevant to this matter, "unlicensed money transmitting business" is defined in part as "a money transmitting business which affects interstate or foreign commerce in any manner or degree and . . . fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section." Id. § 1960(b)(1)(B). "'[M]oney transmitting' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier . . . ." Id. § 1960(b)(2). The statute does not otherwise define "money" or "funds."

[2] For a primer on Bitcoin, see Jerry Brito and Andrea Castillo, Bitcoin: A Primer for Policymakers, Mercatus Center, George Mason University (2013), available at https://www.mercatus.org/system/files/Brito_BitcoinPrimer.pdf/.

their business fell outside the purview of Section 1960 because bitcoins are not "money" or "funds" within the meaning of the statute. The Court disagrees and adopts the persuasive analysis of the majority of the district courts that have recently addressed this question. See United States v. Murgio, 209 F. Supp. 3d 698, 707 (S.D.N.Y. 2016); United States v. Faiella, 39 F. Supp. 3d 544, 545-46 (S.D.N.Y. 2014); see also United States v. Budovsky, No. 13-cr-368 (DLC), 2015 WL 5602853, at *14 (S.D.N.Y. Sept. 23, 2015) (18 U.S.C. § 1960 encompasses businesses that transmit virtual currency); United States v. E-Gold, Ltd., 550 F. Supp. 2d 82, 88-93 (D.D.C. 2008) (same); cf. United States v. Ulbricht, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (bitcoins fall within the purview of the money laundering statute, 18 U.S.C. § 1956).

Defendants' reliance on a magistrate's recommended decision in United States v. Petix, 15-CR-227A, 2016 WL 7017919 (W.D.N.Y. Dec. 1, 2016) is misplaced. Not only was this decision never adopted by the district court, but this Court is not persuaded by its reasoning, for the reasons well outlined in the Government's Response. (See ECF No. 81, Page ID #s 255-62.) Defendants' most developed argument, that the IRS's treatment of virtual currency as "property" means that virtual currency cannot be "money" in other contexts, has been expressly and persuasively rejected by other courts. See, e.g., Murgio, 209 F. Supp. 3d at 709; Sec. & Exch. Comm'n v. Shavers, No. 4:13-CV-416, 2014 WL 12622292, at *6 (E.D. Tex. Aug. 26, 2014). Lastly, the rule of lenity does not require the Court to accept a strained reading of Section 1960 where the statute's language, structure, and purpose all point towards Bitcoin falling within its scope. See Faiella, 39 F. Supp. 3d at 547 ("[T]here is no . . . irreconcilable ambiguity requiring resort to the rule of lenity."); see also Abramski v. United States, 134 S. Ct. 2259, 2272 n.10 (2014) (stating that the rule of lenity does not apply where a statute's "context, structure, history, and purpose resolve" any seeming ambiguity).

For these reasons, the Indictment does not fail to state a criminal offense as to Defendants, <u>see</u> Fed. R. Crim. P. 12(b)(3)(B)(v), and therefore, Defendants' Motion to Dismiss is DENIED.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 11th day of May, 2017.