SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MA
PORTLAND
RECEIVED & FILE

MAY 17 2017

CHRISTA K. BERRY, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 15-cr-198-GZS |
| ) | |
| SAL MANSY ) | |
| TV TOYZ ) | |

### AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Richard W. Murphy, Acting United States Attorney for the District of Maine, and Michael J. Conley, Assistant United States Attorney, and Sal Mansy and TV TOYZ LLC (hereinafter "Defendants"), acting for themselves and through their counsel, Roger Brunelle, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. Guilty Plea. Defendants agrees to plead guilty to the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Indictment charges Defendants with operating an unlicensed money transmitting business, and aiding and abetting such conduct, in violation of Title 18, United States Code, Sections 1960(a) and 2.

2. Sentencing/Penalties. Defendants agree to be sentenced on the charges described above. Defendants understand that the penalties that are applicable to the charges described above are as follows:

    A. A maximum prison term of not more than 5 years;

    B. A maximum fine of $250,000;

1

2

- C. A mandatory special assessment of $100.00 for each count of conviction which Defendants agrees to pay at or before the time that they enter a guilty plea; and

- D. A term of supervised release of not more than 3 years. Defendants understand that their failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendants to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court may also order Defendants to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

A. The parties agree to recommend that the Court find that the Defendants have accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendants' Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between their execution of this Agreement and sentencing, the Defendants: (a) fail to admit a complete factual basis for the plea; (b) fail to truthfully admit their conduct in the offense of conviction; (c) engage in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely deny or frivolously contest relevant conduct for which the Defendants are accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendants have sustained; or (e) engage in new criminal conduct. Defendants understand that they may not withdraw their guilty pleas if, for any of the reasons listed above, the Government does not recommend that they receive a reduction in Offense Level for acceptance of responsibility.

3

B. The parties agree to recommend that the Base Offense Level is 6 plus the number of offense levels from the table in U.S.S.G. § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the value of the funds. U.S.S.G. § 2S1.3(a)(2).

C. The parties agree to recommend that the value of the funds transacted is between $1,500,000 and $3,500,000, resulting in an increase of 16 levels under U.S.S.G. § 2B1.1(b)(1)(I).

D. The parties agree to recommend that departures under U.S.S.G. §§ 5K2.0 or 5K2.11 (Lesser Harms), or a variance under 18 U.S.C. § 3553 (or all of the above) are appropriate. The parties further agree that the Court should depart for a total of between 8 and 11 levels. The intent of the parties is that the Government is free to argue for an applicable sentencing range of 8-14 months while the defendants are free to argue for an applicable sentencing range of 0-6 months.

E. The parties expressly agree and understand that should the Court reject any of the recommendations of the parties, Defendants will not thereby be permitted to withdraw their pleas of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. Appeal Waivers. Defendants are aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendants waive the right to appeal the following:

    A. Defendants' guilty pleas and any other aspect of Defendants' convictions in the above-captioned case; and

    B. A sentence of imprisonment that does not exceed one year and one day.

4

Defendants' waiver of their right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. <u>Consequences of Breach</u>. If Defendants violate or fail to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendants on all criminal charges that can be brought against Defendants. With respect to such a prosecution:

> A. The United States may use any statement that Defendants made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendants pleaded guilty, and Defendants hereby waive any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.
>
> B. Defendants waive any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendants have committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendants' breach by a preponderance of the evidence.

6. <u>Speedy Trial Waiver</u>. Defendants agree to waive, and hereby do waive, any and all rights they might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendants have

5

breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendants expressly consent to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Forfeiture. Defendants agree to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, the following assets:

   A. $13,289.13 seized from account 3750 1349 3782 held at the Bank of America in the name of Sal Mansy;

   B. $60,812.96 seized from account number 3750 1274 5428 held at the Bank of America in the name of TV TOYZ, LLC; and

   C. $44,032.48 seized from account number 227274 at Bitstamp, Ltd. held in the name of Sal Mansy.

The Government agrees not to pursue the forfeiture of the following assets:

   A. TV TOYZ, LLC, a limited liability corporation formed under the laws of the State of Michigan; or

   B. the real property located at 2651 Erma Drive, Shelby Township, Michigan, Parcel ID 23-07-31-199-020.

8. Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendants. However, in the event that Defendants fail to enter their guilty pleas or are allowed to withdraw their guilty pleas entered hereunder, and the Court determines that Defendants have not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional

6

understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendants in the space designated signifies their full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 5-17-17

_____
Sal Mansy, Defendant

_____
TV TOYZ LLC, Defendant

I am legal counsel for Sal Mansy and TV TOYZ LLC. I have carefully reviewed every part of this Agreement with Sal Mansy and TV TOYZ LLC. To my knowledge, Sal Mansy and TV TOYZ LLC's decisions to enter into this Agreement are informed and voluntary.

Date: 5/17/17

_____
Roger Brunelle, Esquire
Attorney for Defendant

FOR THE UNITED STATES:        Richard W. Murphy
                              Acting United States Attorney

Date: May 16 '17

_____
Michael J. Conley
Assistant U.S. Attorney

Approved:        _____
                 Supervisory Assistant U.S. Attorney